UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jesse Filburn, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> Hibbett Sporting Goods, Inc., <br><br> Defendant. | Case No.: 3:16-cv-00353-WHR <br><br> District Judge Walter H. Rice <br><br> STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys for the parties herein, that confidential information produced in the context of the action captioned above shall be treated as follows:

**1. DEFINITIONS**

**(a)** "PARTY" means any of the parties to this action, including officers, directors, employees, or representatives of such parties.

**(b)** "COUNSEL" means counsel of record for the PARTIES to the ACTION: the law firms of Manatt, Phelps & Phillips, LLP; Vorys, Sater, Seymour and Pease LLP; The Law Office of Michael L. Fine; and Lemberg Law, L.L.C. "COUNSEL" includes support staff employed by such firms to whom it is necessary to disclose CONFIDENTIAL INFORMATION for the purpose of this ACTION.

**(c)** "DISCOVERY MATERIAL(S)" means any information, document, tangible thing, response to discovery requests, response to interrogatories, deposition testimony or transcript, and any other similar materials, or portions thereof.

**(d)** "PRODUCING PARTY" means a PARTY, and all directors, employees, and agents (other than Counsel) of the PARTY, or any third party that produces or otherwise makes available

1

DISCOVERY MATERIALS to a RECEIVING PARTY. A non-party required to disclose information in this action and who consents in writing to comply with the terms of this STIPULATION shall be treated as a PRODUCING PARTY.

**(e)** "RECEIVING PARTY" means a PARTY and all employees, agents and directors (other than Counsel) of the PARTY that receives DISCOVERY MATERIALS from a PRODUCING PARTY.

**(f)** "CONFIDENTIAL INFORMATION" means information which the PRODUCING PARTY has designated in good faith as private consumer information; company financial information; trade secret or other confidential research, development, or commercial information; or any other information that is subject to a legal confidentiality obligation.

**(g)** "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means CONFIDENTIAL INFORMATION which the disclosing party believes in good faith contains or refers to trade secrets or other confidential research, development or commercial information which the disclosing party in good faith believes will result in competitive disadvantage if disclosed to another party to this Action, and information protected by privacy laws.

**(h)** "DESIGNATED MATERIAL(S)" means DISCOVERY MATERIALS designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

**(g)** "CONSULTANT" means a professional (including the professional's secretarial or clerical support and other assistants) who is not a regular employee of a PARTY and who is retained by a PARTY or its counsel for the purpose of assisting or advising in this action, including a consulting or testifying expert, consultant or private investigator to whom it is necessary or useful to disclose CONFIDENTIAL INFORMATION for the purpose of this action.

**(h)** "COURT" means the United States District Court for the Southern District of Ohio.

**(i)** "ACTION" means the civil action entitled Jesse Filburn v. Hibbett Sporting Goods, Inc., corresponding to United States District Court for the Southern District of Ohio Case No. 3:16-cv-00353-WHR.

**(j)** "QUALIFIED RECIPIENT" means an individual or entity listed in Paragraph 3(I)(a).

**(k)** This "STIPULATION" shall refer to this stipulated protective order.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION

**(a)** All DISCOVERY MATERIAL, whether or not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," produced in the course of the ACTION shall be used only for the defense or prosecution of the ACTION. In addition, any DISCOVERY MATERIAL that is asserted by the PRODUCING PARTY to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such PRODUCING PARTY. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with either: "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"

**(b)** A PARTY may designate a portion of a deposition as CONFIDENTIAL INFORMATION by stating such on the record or in writing no later than thirty (30) days after the transcript is available for receipt from the court reporter. If a party designates on the record an entire deposition or a portion of a deposition as CONFIDENTIAL INFORMATION, at the request of any other party, the PRODUCING PARTY shall identify the specific testimony by page and line numbers that contain CONFIDENTIAL INFORMATION, to be served the later of ten (10) days after receipt of the request or twenty (20) days after the transcript is available for receipt from the court reporter.

## 3. ACCESS TO PROTECTED MATERIAL

    I. <u>Access to Document Designated "CONFIDENTIAL"</u>:

**(a)** In the absence of written permission from the PRODUCING PARTY or an order of the Court, any CONFIDENTIAL INFORMATION produced in accordance with this STIPULATION shall not be disclosed to or discussed with any person other than:

    **(i)** the RECEIVING PARTY;

    **(ii)** COUNSEL for the RECEIVING PARTY including necessary support personnel;

    **(iii)** employees of the RECEIVING PARTY whose review of such information is required for the conduct of the above-entitled litigation;

    **(iv)** subject to subparagraph (c) below, CONSULTANTS or EXPERTS who are engaged for the purpose of this action by the RECEIVING PARTY or its counsel;

    **(v)** non-parties who, from the face of the relevant document or from other documents or testimony, clearly authored, prepared, or previously received the CONFIDENTIAL INFORMATION;

    **(vi)** subject to Paragraph 4 below, the Court;

    **(vii)** anyone so authorized by prior written consent of the PRODUCING PARTY and such consent shall not be withheld where the person to whom disclosure is made agrees to execute Exhibit A hereto;

    **(viii)** certified court reporters taking testimony involving such CONFIDENTIAL INFORMATION.

**(b)** All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of COUNSEL for the

PARTIES, and no partial or complete copies thereof shall be retained by anyone else unless otherwise provided in this STIPULATION.

    **(c)**    Before obtaining access to any CONFIDENTIAL INFORMATION covered by this STIPULATION, any QUALIFIED RECIPIENT (other than COUNSEL for the RECEIVING PARTY including necessary support personnel) who is permitted to have access to CONFIDENTIAL INFORMATION pursuant to this STIPULATION must signify agreement to the terms of this STIPULATION by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understood this STIPULATION and agrees to be bound by its terms.

    **(d)**    If the RECEIVING PARTY wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not identified in Paragraph 3(I)(a), it shall first redact the document or transcript to remove all CONFIDENTIAL INFORMATION.

    **(e)**    The limitation on disclosure contained in this STIPULATION does not affect a PARTY's ability to use documents and information that were already in the possession that PARTY except that a PRODUCING PARTY is bound by the requirements limiting the use of its CONFIDENTIAL INFORMATION in this litigation. Nothing in this STIPULATION should be read to limit any pre-existing confidentiality obligations applicable to such documents.

    **(f)**    Nothing herein shall restrict a QUALIFIED RECIPIENT from making working copies, abstracts, digests, and analyses of CONFIDENTIAL INFORMATION for use in connection with the above-entitled litigation; however, such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection as the underlying documents pursuant to the terms of this STIPULATION.  Further, nothing herein shall restrict a QUALIFIED RECIPIENT from converting or translating such information into machine-readable form for incorporation in a

data retrievable system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to QUALIFIED RECIPIENTS.

II. Access to Document Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

**(a)** Except as set forth herein or by subsequent order of the Court, any DISCOVERY MATERIALS designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving counsel and his or her employees and shall not be disclosed by such counsel to any person except:

**(i)** The PRODUCING PARTY and the employees, officers and directors of such persons;

**(ii)** In-house and outside COUNSEL representing the PRODUCING PARTY, in-house COUNSEL for Plaintiff and outside COUNSEL representing Defendant, and said counsel's regular employees including paralegals, secretaries or other support staff or agents whose functions require access to DESIGNATED MATERIALS;

**(iii)** Experts, independent contractors, consultants, or advisors who consult with, are employed or retained by or on behalf of one or more of the parties or their counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

**(iv)** Stenograph and court reporters and videographers who are employed in this Action for the purpose of transcribing, including, but not limited to, depositions, the trial or any hearings or proceedings before the COURT;

**(v)** The COURT, its employees who are directly concerned with carrying out this Action, and the jury in this Action;

6

    **(vi)**    Photocopying firm employees retained to received or copy documents in connection with this Action;

    **(vii)**    Any person (other than those identified above, including a Party) who is indicated, on the face of the Document to be an author or recipient of the CONFIDENTIAL INFORMATION; and

    **(viii)**    Other persons designated by mutual agreement of counsel for the parties.

## 4. COURT PROCEDURES

    **(a)**    To the extent that any DESIGNATED MATERIALS are filed or to be filed with the COURT, the filing PARTY should make a timely request to the COURT for an order granting leave to file the same under seal.

    **(b)**    In the event leave is granted, the filing PARTY must file a redacted copy of the papers containing CONFIDENTIAL INFORMATION with the Clerk of the Court on the docket.

    **(c)**    Unredacted copies of these papers or any portion thereof must be filed under seal by the filing PARTY with the Clerk of Court in an envelope marked "SEALED-CONFIDENTIAL" on which shall be endorsed the caption of this action, the identity of the party filing the materials and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to the Protective Order in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by written order of the Court.

    **(d)**    No such sealed envelope or container shall be provided to any party or person, other than persons subject to this STIPULATION.

## 5. CHALLENGES TO DESIGNATION

    **(a)** A PARTY shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. All challenges to the propriety of a confidentiality designation shall first be made in writing that identifies the material challenged by Bates number or similarly specific identifying information. Within fifteen (15) days of such a challenge, the PRODUCING PARTY shall submit to the challenge party a written response substantiating the basis for each challenged designation, or forever waive the protections of this STIPULATION with respect to the challenged information.

    **(b)** Any document designated as "CONFIDENTIAL" shall enjoy protection under this STIPULATION until the dispute has been resolved. The PARTIES shall promptly attempt to resolve such challenges in good faith on an informal basis. If the dispute is not resolved within ten (10) days of the PRODUCING PARTY's written response, the challenging party may seek appropriate relief from the COURT. The burden of proof shall be on the party claiming confidentiality.

## 6. INADVERTENT WAIVER

    **(a)** Inadvertent failure to designate any information pursuant to this STIPULATION shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the PRODUCING PARTY to substitute properly labeled copies. However, until the RECEIVING PARTY is notified that the information is designated as CONFIDENTIAL INFORMATION, the RECEIVING PARTY shall be entitled to treat the material as non-confidential.

    **(b)** In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, inadvertent disclosure in the ACTION of privileged information and/or work product shall

not constitute a waiver of any otherwise valid claim of privilege, immunity, or other protection and shall not be deemed to constitute a waiver of the privilege, immunity, or protection as to any other document or communication allegedly so protected, even involving the same subject matter.

**(c)** In the case of inadvertently produced privileged and/or work product documents, upon request of the PRODUCING PARTY, the documents together with all copies thereof and any notes made therefrom shall be returned forthwith to the party claiming privilege and/or work product immunity. Any party may within five (5) court days after notification of inadvertent disclosure under this Paragraph, while complying with the preceding sentence, object to the claim of inadvertence by notifying the PRODUCING PARTY in writing of that objection and specifying the designated/produced material to which the objection is made. The PARTIES shall confer within fifteen (15) days of service of any written objection. If the objection is not resolved, the PRODUCING PARTY shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute and shall bear the burden of proof on the issue. If a motion is filed, information subject to dispute shall be treated consistently with the PRODUCING PARTY's most recent designation until further order of the Court.

**7. TRIAL**

**(a)** The PARTIES agree that documents designated as CONFIDENTIAL INFORMATION may be used during a trial in this action.

**(b)** Nothing in this order determines whether such information may or must be treated as confidential by the Court.

**8. FINAL DISPOSITION**

**(a)** Within ninety (90) days after final disposition of the ACTION, all DISCOVERY MATERIAL designated as containing "CONFIDENTIAL INFORMATION," and all copies, summaries, and abstracts thereof, shall either be (i) returned to the PRODUCING PARTY, or (ii)

9

destroyed, provided, however, that COUNSEL for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from CONFIDENTIAL INFORMATION.

**(b)** If a QUALIFIED RECIPIENT elects to destroy the documents, the QUALIFIED RECIPIENT shall sign a declaration certifying that all DISCOVERY MATERIAL designated in the ACTION as containing CONFIDENTIAL INFORMATION has been destroyed and such QUALIFIED RECIPIENT shall serve such Affidavit of Destruction on all COUNSEL within ninety (90) days of final disposition of the ACTION.

## 9. SURVIVAL OF OBLIGATIONS

**(a)** The obligations created by this STIPULATION shall survive the termination of the ACTION, unless otherwise modified by the COURT.

**(b)** The PARTIES further consent and agree that either PARTY may at any time request that the COURT "So Order" this STIPULATION, and that the other PARTY will not object to such request.

**[SIGNATURES ON THE FOLLOWING PAGE]**

| | | |
|---|---|---|
| Dated: | Los Angeles, California<br>February 8, 2017 | MANATT, PHELPS & PHILLIPS LLP<br><br>/s/ Diana L. Eisner<br>Christine M. Reilly (admitted pro hac vice)<br>Diana L. Eisner (admitted pro hac vice)<br>11355 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>(310) 312-4000<br>(310) 312-4237<br>CReilly@manatt.com<br>DEisner@manatt.com<br>*Attorneys for Defendants,*<br>Hibbett Sporting Goods, Inc. |
| Dated: | University Heights, Ohio<br>February 8, 2017 | LAW OFFICE OF MICHAEL L. FINE<br><br>/s/ Michael L. Fine<br>Michael L. Fine, Esq.<br>Ohio Supreme Court No.: 0077131<br>3684 Silsby Road<br>University Heights, Ohio 44118<br>Telephone: (216) 320-9950<br>mfine@ohioconsumerlawyer.com<br>*Attorneys for Plaintiff,*<br>Jesse Filburn |

**SO ORDERED:**

_____
Hon. Walter H. Rice

11

## APPENDIX A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

JESSE FILBURN v. HIBBETT SPORTING GOODS, INC, et al.,
United States District Court for the Southern District of Ohio
Case No. 3:16-cv-00353-WHR

I, _____, declare under penalty of perjury under the laws of the State of _____ that I have read in its entirety the Stipulated Protective Order entered into by the parties to the above-referenced lawsuit, and agree to adhere to and to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcement of the Stipulated Protective Order.

_____
Name

_____
Signature

_____
Date